IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-11-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RASHON ANDRE EDWARDS, ) | |
| ) | |
| Defendant. ) | |

On September 21, 2020, Rashon Andre Edwards ("Edwards" or "defendant") moved for a sentence reduction under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) [D.E. 37], and filed a memorandum and documents in support [D.E. 38, 38-1–38-6]. On October 5, 2020, the government responded in opposition [D.E. 41]. As explained below, the court denies Edwards's motion for reduction of sentence.

I.

On June 23, 2008, with a written plea agreement, Edwards pleaded guilty to possession with intent to distribute more than 50 grams of cocaine base, a quantity of cocaine, and less than 50 kilograms of marijuana. See [D.E. 18, 19]. On December 17, 2008, the court held Edwards's sentencing hearing and adopted the facts as set forth in the Presentence Investigation Report ("PSR"). See [D.E. 24]. After concluding that Edwards was a career offender under U.S.S.G. § 4B1.1, the court determined Edwards's total offense level to be 34, his criminal history category to be VI, and his advisory guideline range to be 262 to 327 months' imprisonment. See PSR ¶¶ 51, 54, 56. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Edwards to 300 months' imprisonment. See [D.E. 27, 28]. Edwards did not appeal.

Edwards moves for sentence reduction under section 404 of the First Step Act. On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2371, 2372 (codified as amended at 21 U.S.C. § 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of cocaine base (crack) necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of cocaine base (crack) necessary to trigger a 10 year to life sentence increased from 50 grams to 280 grams. See id. § 2, 124 Stat. at 2372.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See id. § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. Under the First Step Act, a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Lancaster, 997 F.3d 171, 174–76 (4th Cir. 2021); United States v. Collington, 995 F.3d 347, 353 (4th Cir. 2021); United States v. Woodson, 962 F.3d 812, 815–17 (4th Cir. 2020); United States v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir.

2019). If a defendant qualifies, courts may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act denied "after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Lancaster, 997 F.3d at 174–76; Collington, 995 F.3d at 357; Chambers, 956 F.3d at 671–72. "Nothing in . . . section [404(c) of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., Collington, 995 F.3d at 357–58; United States v. Gravatt, 953 F.3d 258, 261 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *3 (E.D. Va. Mar. 17, 2020) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished); but cf. Collington, 995 F.3d at 356–58 (district court must reduce sentence to comply with any new statutory maximum sentence).

Edwards's June 2008 conviction for possession with intent to distribute more than 50 grams of cocaine base, a quantity of cocaine, and less than 50 kilograms of marijuana is a covered offense under section 404(a) of the First Step Act because this conviction is an offense whose statutory penalties were modified by the Fair Sentencing Act that was committed before August 3, 2010. See First Step Act § 404(a), 132 Stat. at 5222; United States v. McDonald, 986 F.3d 402, 404 (4th Cir. 2021) ("The First Step Act applies to any defendant who was convicted of an offense whose statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was

3

committed before August 3, 2010.") (quotation omitted). Thus, Edwards is eligible for sentence reduction.

Edwards's new advisory guideline range is 70 to 87 months' imprisonment. See [D.E. 44] 1–2.[1] The court has completely reviewed the entire record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See, e.g., Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Lancaster, 997 F.3d at 176; Collington, 995 F.3d at 360; Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). As for Edwards's offense conduct, he engaged in serious criminal conduct in September 2007. See PSR ¶ 3. On September 13, 2007, officers with the Raleigh Police Department served arrest warrants on Edwards for robbery with a dangerous weapon and assault with a deadly weapon inflicting serious injury. See id. Following his arrest, a search of Edwards and his vehicle revealed $4,000 in U.S. currency, 52.13 grams of cocaine base (crack), 166.87 grams of powder cocaine, and 95 grams of marijuana. See id. Edwards admitted that the narcotics belonged to him and that he obtained them in New York. See id.

---

[1] Edwards cites United States v. Chambers, 956 F.3d 667 (4th Cir. 2020), and United States v. Norman, 935 F.3d 232 (4th Cir. 2019), and argues that he is no longer a career offender. See [D.E. 38] 3–5. Specifically, Edwards argues that under Norman, his February 1999 federal conviction for conspiracy to distribute crack cocaine, see PSR ¶ 12, is no longer a controlled substance offense and, therefore, Edwards no longer has two prior felony convictions for controlled substance offenses. See [D.E. 38] 3–5; cf. U.S.S.G. § 4B1.1(a); Norman, 935 F.3d at 237–38. Because Chambers requires that "any Guidelines error deemed retroactive . . . must be corrected in a First Step Act resentencing," Chambers, 956 F.3d at 668, Edwards contends that Norman requires the court to recalculate his advisory guideline range. See [D.E. 38] 3–5. The Fourth Circuit has never held that Norman is retroactive. See Lancaster, 997 F.3d at 177 (Wilkinson, J., concurring). Nonetheless, in light of Lancaster, 997 F.3d at 175, the court applies Norman, finds that Edwards is no longer a career offender, and finds that Edwards's new advisory guideline range is 70 to 87 months' imprisonment. See id.; [D.E. 44] 1–2.

4

Edwards is a violent recidivist with convictions for possession of marijuana/hash, possession of controlled dangerous substance with intent to distribute, theft from a person, financial facilitation of criminal activity, maintain or possess cellular phone designed to facilitate the receipt of any telecommunication service and avoid lawful payment, conspiracy to distribute crack cocaine, and use of unauthorized access devices. See id. ¶¶ 7–13. Edwards also has performed poorly on supervision, including federal supervision. See id. ¶¶ 9, 11–12. Although Edwards has taken some positive steps while incarcerated on his federal sentence, see [D.E. 38] 6–8, he has sustained infractions for assaulting without serious injury (2020), refusing work/program assignment (2019), giving/accepting money without authorization (2019), possessing unauthorized item (2012 and 2019), being insolent to staff member (2012), possessing gambling paraphernalia (2012), and possessing intoxicants (2009). See [D.E. 44] 2; cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); McDonald, 986 F.3d at 412; United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). In light of Edwards's serious criminal conduct, terrible criminal record, poor performance on supervision, serious misconduct while incarcerated, the need to promote respect for the law, the need to deter others, the need to protect society, and the need to incapacitate Edwards, the court declines to reduce Edwards's sentence. See, e.g., 18 U.S.C. § 3553(a); Chavez-Mesa, 138 S. Ct. at 1966–68; High, 997 F.3d at 185–86; Lancaster, 997 F.3d at 176; Collington, 995 F.3d at 360; Chambers, 956 F.3d at 671–75; Barnes, 2020 WL 1281235, at *3; Latten, 2019 WL 2550327, at *1–4.

In reaching this decision, the court has considered the entire record, Edwards's arguments, and the section 3553(a) factors. However, even if the court miscalculated the new advisory guideline range, it still would not reduce Edwards's sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86

5

(4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

II.

In sum, the court DENIES Edwards's motion for reduction of sentence [D.E. 37].

SO ORDERED. This 10 day of June 2021.

                                            JAMES C. DEVER III
                                            United States District Judge